IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALEXANDRA KARALIS,                               CIVIL DIVISION

                Plaintiff;              Docket No.:

vs.

DUNWOODY VILLAGE,

    and GARY LADEAU, and

        KEN MATSINGER,

                         COMPLAINT IN CIVIL ACTION

                Defendants.              Filed on behalf of Plaintiff:
ALEXANDRA KARALIS

Counsel of Record for this Party:
Steven Auerbach, Esquire
Law Office of Steven T. Auerbach
822 Montgomery Ave.
Suite 210
Narberth, PA. 19072
Ph:   (215) 964-4410
Fax: (610) 667-7305
Auerbach.Steven@gmail.com
Pa. I.D. #317309

**JURY TRIAL DEMANDED**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| ALEXANDRA KARALIS, | ) | CIVIL DIVISION |
| Plaintiff; | ) | |
| | ) | Docket No.: |
| vs. | ) | |
| | ) | |
| DUNWOODY VILLAGE, et al. | ) | |
| Defendants. | ) | |

## I. COMPLAINT IN CIVIL ACTION

Plaintiff Alexandra Karalis ("Mrs. Karalis" or "Plaintiff"), by and through her undersigned counsel, the Law Office of Steven T. Auerbach, hereby files this Complaint against Dunwoody Village ("Dunwoody Village" or "Employer"), Gary Ladeau ("Mr. Ladeau"), and Ken Matsinger ("Mr. Matsinger")(together, the "Defendants"), and in support thereof, avers as follows:

## II. INTRODUCTION

1.    This action is brought to remedy claims of employment disability discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq* ("Title VII"); Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq* ("ADA"); and under the Pennsylvania Human Relations Act, 43 PA. Cons. Stat. § 951 *et seq* ("PHRA").

2.    More specifically, Plaintiff seeks redress for wrongful termination related to her contraction of Covid-19.

3.    Consequently, Plaintiff seeks injunctive and declaratory relief; economic, compensatory, and punitive damages; attorneys' fees, and all other appropriate relief pursuant to governing law.

## III. JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal

law. There lies supplemental jurisdiction over Plaintiff's state and local law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

5.      This Court may properly maintain personal jurisdiction over the Defendants because their contact with this Commonwealth and this judicial district are sufficient for the exercise of jurisdiction, complying with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S, 310 (1945), and its progeny.

6.      Pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and defendants are deemed to reside where they are subject to personal jurisdiction, rendering the Defendants "residents" of the Eastern District of Pennsylvania.

## IV. PARTIES

7.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8.      Plaintiff is an adult citizen of the United States and is a resident of Upper Darby, Pennsylvania.

9.      At all times relevant to this action, Plaintiff was an "employee" of Dunwoody Village within the meaning of Title VII, the ADA, and the PHRA

10.     At all times relevant to this action, Dunwoody Village was the "employer" of the Plaintiff within the meaning of Title VII, the ADA, and the PHRA.

11.     Dunwoody Village is a residential retirement home organized under the laws of Pennsylvania that maintains a principal place of business in Delaware County, Pennsylvania.

12.     Dunwoody Village is engaged in an industry affecting interstate commerce and regularly conducts business in the Commonwealth of Pennsylvania.

13.     Dunwoody Village has and continues to employ over one hundred (100) employees per calendar year for at least the last five (5) years, and engages in a variety of revenue-generating business activities.

14.     Dunwoody Village caused the violations set forth in this Complaint.

15.     Dunwoody Village failed to adequately train its employees to prevent and/or correct the violations set forth in this Complaint.

16.     Dunwoody Village failed to adequately supervise its employees to prevent and/or correct the violations set forth in this Complaint.

17.     Dunwoody Village failed to prevent and aided and abetted in the violations set forth in this Complaint.

18.     Defendant Gary Ladeau is an adult citizen of the United States and is a resident of the Commonwealth of Pennsylvania. At all times relevant to this action, Mr. Ladeau was the director of Dunwoody Village and was a supervisor of Plaintiff.

19.     Defendant Ken Matsinger is an adult citizen of the United States and is a resident of the Commonwealth of Pennsylvania. At all times relevant to this action, Mr. Matsinger was the assistant director of Dunwoody Village and was a supervisor of Plaintiff.

20.     Defendants Mr. Ladeau and Mr. Matsinger are agents and employee supervisors of Dunwoody Village within the meanings of  Title VII, the ADA, and the PHRA. And, at all times relevant hereto, Plaintiff reported to Mr. Ladeau and Mr. Matsinger.

21.     Mr. Ladeau and Mr. Matsinger were personally involved in the violations set forth in this Complaint.

22.     Mr. Ladeau and Mr. Matsinger caused the violations set forth in this Complaint.

23.     Upon information and belief, Mr. Ladeau and Mr. Matsinger conspired with others to engage in the violations set forth in this Complaint.

24.     Upon information and belief, Mr. Ladeau and Mr. Matsinger aided and abetted the violations set forth in this Complaint.

25.     At all times relevant herein, the Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

26.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

27.     Plaintiff has exhausted her administrative remedies.

28.     Plaintiff filed a timely charge of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on January 14, 2021 and directed same to cross-file with the Pennsylvania Human Relations Commission ("PHRC") .

29.     By operation of Plaintiff's administrative filing, this Court is authorized to redress all federal and state violations that occurred on and after March 20, 2020. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115-16 (2002).

30.     Plaintiff received a Right to Sue Notice from the EEOC on January 14, 2021.

31.     Plaintiff filed this Complaint within ninety (90) days of receipt of this Notice.

## VI. FACTUAL ALLEGATIONS

32.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33.     In December 2016 and extending through September 25, 2020 (the "Term of Employment"), Plaintiff worked for Dunwoody Village in a variety of capacities. Most recently, Plaintiff worked for Defendants as a housekeeper.

34.     The duties of this position included cleaning and sanitizing resident homes. The physical demands of this position included bending, squatting, kneeling, lifting, pushing, pulling, and climbing stairs.

35.     Throughout the Term of Employment, Plaintiff consistently demonstrated excellent performance and dedication to the Defendants. Plaintiff performed her job duties and responsibilities in a highly competent manner and routinely received positive feedback.

36.     At all times relevant hereto, Plaintiff was qualified to perform the essential functions of the job, with or without a reasonable accommodation.

37.     In the latter part of the Term of Employment, Plaintiff was adversely affected by the Defendants' below-described intentional discrimination related to, and motivated by, her disability (Covid-19).

38.     On September 11, 2020, and while at work, Plaintiff noticed progressing feelings of fatigue- feelings/symptoms that she had not experienced prior to this date.

39.     Immediately, she shared this finding with her supervisor Mr. Matsinger, who sent her home out of fear that she had contracted Covid-19.

40.     At home, Plaintiff's symptoms progressed and substantially limited her ability to care for herself, perform manual tasks, walk, speak, and breathe.

41.     Plaintiff then took a Covid-19 test and received her results on September 17, 2020. The results indicated that she had, in fact, contracted Covid-19 and she notified Defendants that day of her test results.

42.     Immediately thereafter, the Defendants' demeanor changed towards Plaintiff.

43.     Eight (8) days later, and on September 25, 2020 the Defendants terminated Plaintiff.

44.     Covid 19, as experienced by Plaintiff, is a disability under Title VII, the ADA, and under the PHRA.

45.     Plaintiff's disability is a substantial motivating factor in her termination.

46.     Defendants' termination is causally-connected to Plaintiff's disclosure of her disability by sequence and by an unusually-suggestive temporal proximity.

47.     Plaintiff believes, and therefore avers, that were she not disabled, she would not have been terminated.

48.     Plaintiff's termination caused a loss of wage and otherwise detrimentally affected Plaintiff's mental health through feelings of depression and anxiety.

49.     This termination would detrimentally affect a reasonable person in like circumstances.

### COUNT I: KARALIS v. DUNWOODY VILLAGE, et al.
### Title VII- Wrongful Termination
### (Dunwoody Village)

50.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51.     By committing the foregoing acts of discrimination against Plaintiff, Dunwoody Village violated the Title VII.

52.     Dunwoody Village's actions, as set forth above, have created a discriminatory environment which culminated in Plaintiff's termination, which Dunwoody Village unreasonably failed to prevent, remedy, and/or correct.

53.     Dunwoody Village's wrongful acts were done with a  reckless or callous disregard of, or indifference to, the rights and safety of Plaintiff.

54.     As a direct and proximate result of Dunwoody Village's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

55.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Dunwoody Village's discriminatory acts unless and until this Court grants the relief requested herein.

56.     No previous application has been made for the relief requested herein.

**COUNT II: KARALIS v. DUNWOODY VILLAGE, et al.**
**ADA- Wrongful Termination**
**(Dunwoody Village)**

57.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

58.     By committing the foregoing acts of discrimination against Plaintiff, Dunwoody Village violated the ADA.

59.     Dunwoody Village's actions, as set forth above, have created a discriminatory environment which culminated in Plaintiff's termination, which Dunwoody Village unreasonably failed to prevent, remedy, and/or correct.

60.     As a direct and proximate result of Dunwoody Village's violation of the ADA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

61.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Dunwoody Village's discriminatory acts unless and until this Court grants the relief requested herein.

62.     No previous application has been made for the relief requested herein.

**COUNT III: KARALIS v. DUNWOODY VILLAGE, et al.**
**PHRA- Wrongful Termination**
**(All Defendants)**

63.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

64.     By committing the foregoing acts of discrimination against Plaintiff, the Defendants violated the PHRA.

65.     The Defendants' actions, as set forth above, have created a discriminatory environment which culminated in Plaintiff's termination, which the Defendants unreasonably failed to prevent, remedy, and/or correct.

66.     As a direct and proximate result of the Defendants' violation of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

67.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

68.     No previous application has been made for the relief requested herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

a.  Issue a declaratory judgment that the acts, policies, and practices complained herein are in violation of Title VII, the ADA, and the PHRA; and

b.  Enjoin Defendants from continuing its acts, policies, and practices which violate Title VII, the ADA, and the PHRA; and

c.  Direct Defendant to reinstate/promote Plaintiff to the position she would have occupied but for Defendants' unlawful conduct, making her whole for all earnings she would have received but for Defendants' unlawful conduct, including but not limited to wages, overtime, bonuses and other lost benefits; and

d. Direct Defendants to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, with interest, in amounts to be determined at trial; and

e. Direct Defendants to make Plaintiff whole by providing compensation for past and future non-pecuniary losses caused by the above unlawful conduct, including pain and suffering, emotional distress, indignity, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial; and

f. Grant an award of costs of suit, expert fees and other disbursements, along with reasonable attorneys' fees;

g. Grant an award of punitive damages against Dunwoody Village for its violations of Title VII;

h. Grant such other relief as the Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

LAW OFFICE OF STEVEN T. AUERBACH

By: _____

Steven T. Auerbach, Esq.
822 Montgomery Ave.
Suite 210
Narberth, PA 19072
(215) 964-4410
Auerbach.Steven@gmail.com

*Attorney for Plaintiff*

Dated: January 14, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ALEXANDRA KARALIS, | ) | CIVIL DIVISION |
| Plaintiff; | ) | |
| | ) | Docket No.: |
| vs. | ) | |
| | ) | |
| DUNWOODY VILLAGE, et al. | ) | |
| Defendants. | ) | |

## **VERIFICATION**

      The undersigned hereby states that the statements of fact made in the foregoing document are true and correct to the best of my information and belief. The language of the document was prepared on the advice of my attorney and any legal claims or legal defenses asserted in the document are pleaded on the advice of my attorney. If the document contains averments which are inconsistent in fact, then I have been unable after reasonable investigation to ascertain which of the inconsistent averments are true, but to the best of my information and belief, one of them is true. I understand that false statements made herein are subject to the penalties of 28 U.S.C. §1746 relating to unsworn falsification to authorities.

Dated: 1/19/21

_Alexandra Karalis/SA_
ALEXANDRA KARALIS

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Alexandra Karalis | Dunwoody Village, et al |

| (b) County of Residence of First Listed Plaintiff    Delaware | County of Residence of First Listed Defendant    Delaware |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Law Office of Steven T. Auerbach (215) 964-4410 822 Montgomery Ave. Suite 210; Narberth, PA 19072 | x |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (*U.S. Government Not a Party*)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (*Indicate Citizenship of Parties in Item III*)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product      Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |      Liability    ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &      Pharmaceutical      Slander      Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'      Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) |      Liability    ☐ 368 Asbestos Personal ☐ 340 Marine      Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product      Liability | **LABOR** | ☐ 840 Trademark ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |      Liability    **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | Act of 2016 | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending      Product Liability | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise |      Injury      Property Damage | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | ☐ 362 Personal Injury -    ☐ 385 Property Damage      Medical Malpractice      Product Liability | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment    ☐ 510 Motions to Vacate | | or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/      Sentence | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability |      Accommodations    ☐ 530 General | | 26 USC 7609 | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty      Employment    **Other:** | **IMMIGRATION** | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other      Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education    ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee -      Conditions of      Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII; ADA; PHRA

Brief description of cause:
Wrongful Termination

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P. | DEMAND $ 250,000 | CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No |
|---|---|---|---|

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 1/14/21 | |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 583 Larchwood Ave. Upper Darby, PA 19082 _____

Address of Defendant: _____ 3500 West Chester Pike, Newtown Square, PA 19073 _____

Place of Accident, Incident or Transaction: _____ 3500 West Chester Pike, Newtown Square, PA 19073 _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ N/A _____     Judge: _____ N/A _____     Date Terminated: _____ N/A _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/14/2021 _____     _____ Must sign here _____     317309
                              *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Steven Auerbach _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 01/14/2021 _____     _____ Sign here if applicable _____     317309
                              *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)